UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TARGET CORPORATION,

        Plaintiff,

                              Case No. 06-CV-15071

vs.

                              HON. GEORGE CARAM STEEH

SAM'S REAL ESTATE BUSINESS TRUST,
CITIZENS BANK, and
THE HUNTINGTON NATIONAL BANK,

        Defendants.

_____/

THE HUNTINGTON NATIONAL BANK,

        Plaintiff,

                              Case No. 06-CV-15546

vs.

                              HON. GEORGE CARAM STEEH

TARGET CORPORATION,

        Defendant,

_____/

<u>ORDER GRANTING HUNTINGTON NATIONAL BANK'S MOTION TO REFER CASE
TO BANKRUPTCY COURT (CASE NO. 06-15071, DOC. # 6) AND DENYING TARGET
CORPORATION'S MOTION TO WITHDRAW THE REFERENCE
(CASE NO. 06-CV-15546, DOC # 1)</u>

        This order of the court will address separate but related motions brought in the cases captioned above.  In case no. 06-15071, defendant Huntington National Bank ("Huntington") has made a motion to refer the case to the bankruptcy court as a matter related to the case of <u>In re: Tampa Associates Limited Partnership</u>, Eastern District of Michigan Bankruptcy case no. 06-48060 or, alternatively, stay the proceedings in this

court pending a certain adversary proceeding pending in the bankruptcy court.[1] The other matter under consideration, brought in proceeding no. 06-15546, is Target's request that the court withdraw the reference in the adversary proceeding noted above, and consolidate the matter with case no. 06-15071. For the reasons that follow, the court will grant Huntington's motion to refer case no. 06-15071 to the bankruptcy court, and deny Target's motion.[2]

The one count complaint in case no. 06-15071 asserts entitlement to foreclosure of Target's construction lien against the three defendants to the case. Target's claim of lien covers property which was divided into parcels, three of which were sold by the debtor in bankruptcy case no. 06-48060 to the defendants in case no. 06-15071. Huntington asserts that the claim of lien also covers property which is owned by the debtors in bankruptcy, which Target does not dispute. Huntington's position is that this court's determination concerning the validity of Target's asserted lien will have an impact upon the administration of the debtor's estate in bankruptcy, and is therefore "related to" the bankruptcy, thus it should be transferred to the Bankruptcy Court.

A proceeding "arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a). Huntington cites to the Sixth Circuit case of Official Committee of Tort Claimants v. O'Brien, Tanski, Tanzer and Young Health Care Providers of Connecticut, et al. (In re Dow Corning Corp.), 86 F.3d

---

[1] Adversary no. 06-05684 in connection with bankruptcy case no. 06-48060. Due to the court's determination to transfer case no. 06-15071, it will not address Huntington's alternative request.

[2] The court finds that the matter is one which may be determined on the briefs, and so orders, pursuant to E.D. Mich. LR 7.1(e)(2).

482 (6th Cir. 1996) (quoting Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3rd Cir. 1984)), for the test applicable in this Circuit to determine whether a civil proceeding is "related to" a bankruptcy proceeding: "whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." Id. at 488.  Target concedes the applicability of this standard.

Huntington argues that because Target's "alleged construction lien" has a property description covering parcels owned by the defendants to this action as well as the debtor in bankruptcy, "a determination as to the validity of Target's alleged construction lien will affect the administration of the Debtor's estate as it will be a determination as to the validity of the construction lien as a whole." Huntington further asserts that lien priority is at issue in the bankruptcy proceedings, that the "alleged construction lien was recorded as a lien against property in the Debtor's estate," and that a determination in this court concerning the asserted lien would likely–and certainly would "conceivably" affect--the administration of the estate in bankruptcy.[3]  Moreover, the court notes, if the asserted lien were found to be valid in this court, rulings here could affect any amounts sought by Target, as a creditor, in the bankruptcy proceedings.  This is certainly "related to" the administration of the estate.

Target makes a variety of arguments as to why the case in this court does not affect the debtor's estate, and is not "related to" the bankruptcy proceedings.  As

---

[3] Huntington also argues that under the "first-to-file rule," the case should be transferred to the bankruptcy court, as the adversary proceeding there was filed prior to case no. 06-15071.  Target, on the other hand, argues that the "first-to-file" rule favors retention of the case, because it represents the continuation of this court's related 2002 case.  The court did not find these arguments persuasive in making a determination on this matter.

3

Huntington points out, Target states that this court can determine the validity of the "alleged construction lien" as to parcels that were divided from that or those still owned by the debtor in bankruptcy, suggesting that the determination would have no impact on any construction lien Target might assert against the debtor's real property. Huntington argues that although the law may provide for sale of a part of property covered by a construction lien in order to satisfy the lien, Mich. Comp. Laws Ann. § 570.1121, nowhere does the law allow for *partial* foreclosure of a construction lien. Target certainly points to no authority to the contrary.

For these reasons, the court is not convinced by Target's arguments that the claim in case no. 06-CV-15071 is not "related to" the bankruptcy proceedings.[4] The case of Torkelsen v. Maggio, 72 F.3d 1171 (3rd Cir. 1996), cited by Target, does not lend support to its argument. This case, unlike either Torkelsen or Gardner v. United States, 913 F.2d 1515 (10th Cir. 1990), also cited by Target, touches on property of the bankruptcy estate in that the validity of an asserted construction lien, allegedly encumbering the estate as well as parcels held by defendants, is at issue. As for Target's argument that considerations of judicial economy compel a determination that the case should remain in this forum, the court is likewise not convinced that findings and conclusions in case no. 02-72890 give this court much of a head start in resolving the instant case. The court did not reach a point in the former litigation where legal determinations on Michigan construction lien law were required. Furthermore, as argued by Huntington, if application of *res judicata* as a result of the court's

---

[4] In fact, the court is more persuaded by Huntington's argument that the foreclosure action is a "core proceeding." However, such a finding is not necessary to this ruling.

4

determinations in case no. 02-72890 is appropriate, this can take place with equal force in the bankruptcy court.  This court is not convinced that its general familiarity with a case begun over five years ago will provide significant assistance, or any economy, in resolving the matter at hand.  Accordingly, Huntington's request to transfer case no. 06-15071 will be granted.

Turning to Target's request that the court withdraw the reference in the adversary proceeding noted above, and consolidate the matter with case no. 06-15071, that request will be denied, largely for the reasons stated above.  Target and Huntington agree that case no. 06-15071 and the adversary proceeding involve identical issues, and that the two matters should be resolved in one forum.  Furthermore, both parties agree that the adversary proceeding, an action to "determine[] the validity, extent, or priority of liens...", 28 U.S.C. § 157(a)(K), is a "core proceeding."[5]  Nonetheless, Target asserts that withdrawal of the reference is appropriate, for reasons of uniformity and efficiency.

As Target argues, under 28 U.S.C. § 157(d)[6] and case law, the purpose of withdrawing the reference for "cause" is to "avoid improper forum shopping, promote

---

[5] 28 U.S.C. § 157(d), which addresses withdrawal of the reference, does not distinguish between core and non-core proceedings, and the reference of either type of proceeding may be withdrawn by the district court.  Nonetheless, as argued by Huntington, courts often consider whether a matter is a core proceeding, thus subject to final determination by the bankruptcy court, in making a determination on withdrawing the reference.  See Valley Forge Plaza Associates v. Fireman's Fund Ins. Cos., 107 B.R. 514 (E.D. Pa. 1989), cited by Huntington, and In re Davis, 2006 WL 3392167, *2 (E.D. Pa, Nov. 20, 2006) (citation omitted).

[6] That provision states that the reference may be withdrawn by the district court "in whole, or in part...on its own motion or on timely motion of any party, for cause shown."  28 U.S.C. § 157(d).

judicial economy, avoid unnecessary delay, and promote uniformity of bankruptcy administration." Target's motion, p. 2.  The court is not convinced that the filing of the adversary proceeding by Huntington, for a determination on lien priority, was "improper forum shopping," and is not convinced by Target that cause otherwise exists for withdrawal of the reference.  Indeed, the court is in agreement with Huntington that this court did not, in case no. 02-72890, make any determinations on the validity of the construction lien claimed by Target, which weakens Target's assertions of judicial economy and efficiency.  Moreover, this district's Local Rule provides that

> [u]nder 28 U.S.C. § 157(b)(1), bankruptcy judges will hear and determine all cases under Title 11 and all core proceedings (including those listed in 28 U.S.C. § 157(b)(2)) arising under Title 11, or arising in or related to a case under Title 11, and will enter appropriate orders and judgments, subject to review under 28 U.S.C. § 158.

E.D. Mich. LR 83.50(a)(2).

Finally, Target's authorities do not persuade the court otherwise.  In the case of In re Almac's, Inc., 202 B.R. 648 (D. R.I. 1996), the court withdrew the reference of several counts of an adversary proceeding, due to its finding that the non Article III bankruptcy court lacked jurisdiction over fraudulent transfer actions.  These issues are not before the court in this case.  The case of Mishkin v. Ageloff, 220 B.R. 784 (S.D.N.Y. 1998) does not address a permissive withdrawal of the reference, but rather a mandatory withdrawal, and therefore, that case is also inapposite.  The other cases cited by Target in support of its response likewise do not convince the court that withdrawal is appropriate.

The court, upon review and consideration of the extensive briefing provided by the parties on the two related motions, is convinced that the bankruptcy court is the

appropriate forum for determination of these matters.  Accordingly, Huntington's motion to refer case no. 06-15071 to the bankruptcy court is hereby GRANTED, and Target's motion to withdraw the reference in proceeding no. 06-15546 is hereby DENIED.

IT IS SO ORDERED.


Dated:  February 7, 2007

                                  s/George Caram Steeh
                                  GEORGE CARAM STEEH
                                  UNITED STATES DISTRICT JUDGE


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
February 7, 2007, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk